UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| ALANI PROPERTY SOURCE CO., INC., | ) ) | CASE NO. 20-66885-LRC |
| | ) | |
| DEBTOR. | ) | |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | ) ) | |
| NANCY J. GARGULA, UNITED STATES TRUSTEE, | ) ) | |
| | ) | |
| MOVANT, | ) | |
| | ) | |
| -vs- | ) | CONTESTED MATTER |
| | ) | |
| ALANI PROPERTY SOURCE CO., INC., | ) ) | |
| | ) | |
| RESPONDENT. | ) | |

**MOTION TO DISMISS CASE WITH MINIMUM ONE YEAR BAR TO REFILING**

COMES NOW Nancy J. Gargula, United States Trustee for Region 21, and respectfully moves this Court to dismiss or convert this case pursuant to Bankruptcy Code section 1112. In support of her motion, the United States Trustee shows as follows.

**I. PROCEDURAL HISTORY AND STATEMENT OF FACTS**

1.

The debtor commenced this case on June 2, 2020, by filing a petition for relief under chapter 11 of the United States Bankruptcy Code.

1

2.

The Meeting of Creditors was initially scheduled for July 7, 2020 but was rescheduled for August 25, 2020, as the Debtor had failed to file all appropriate schedules, and had failed to provide financial documentation that had been requested by the United States Trustee. The Meeting of Creditors was held on August 25, 2020, but was continued for the production of additional financial documents and information to October 2, 2020. The Debtor has repeatedly failed to provide all of the requested financial documents and information, so the Meeting of Creditors was continued, first to October 22, 2020, then to November 12, 2020, and finally to December 7, 2020.

3.

On June 5, 2020, the United States Trustee filed her first Motion to Dismiss Case, With a One Year Bar to Refiling (Dkt. No. 11) (hereinafter the "First Motion"). In the First Motion, the United States Trustee contended that, since the Debtor filed the Petition without an attorney, and failed to file all of the appropriate schedules, the case should be dismissed. A hearing on the First Motion was held on July 16, 2020. At the hearing, the Court gave the Debtor ten business days to retain an attorney; if the Debtor failed to retain an attorney, the Court indicated that the case would be dismissed, with a one year bar to re-filing.

4.

On July 29, 2020, Scott B. Riddle, of the Law Office of Scott B. Riddle, LLC, filed a Notice of Appearance on behalf of the Debtor. (Dkt. No. 25) On July 30, 2020, the Debtor filed an Application to Employ the Law Office of Scott B. Riddle, LLC, and Scott

B. Riddle. (Dkt. No. 26) Given the Court's ruling at the July 16, 2020 hearing, and Mr. Riddle's Notice of Appearance, the United States Trustee withdrew her First Motion on August 19, 2020. (Dkt. No. 32)

5.

On August 19, 2020, the United States Trustee filed her Second Motion to Dismiss Case With One Year Bar to Refiling. (Dkt. No. 33) (hereinafter the "Second Motion") In the Second Motion, the United States Trustee contended that, since the Debtor had failed to provide proof of insurance, failed to file the appropriate schedules, and failed to provide the United States Trustee with reasonably requested documentation, the case should be dismissed.

6.

At the request of the United States Trustee, the Court set an expedited hearing on the Second Motion for August 26, 2020. On or about August 25, 2020, the Debtor provided the United States Trustee with proof of insurance for the Debtor's Real Property and filed the appropriate schedules on the docket. At the hearing on the Second Motion, the Court deferred ruling on the matter, and instructed the Debtor to provide the United States Trustee with the requested documentation regarding the Debtor's financial history.

7.

On September 28, 2020, the United States Trustee withdrew her Second Motion. (Dkt. No. 43)

## II. CITATION OF AUTHORITY

8.

Bankruptcy Code section 1112(b)(1) provides that:

> ... on request of a party in interest, and after notice and a hearing, absent unusual circumstances.....the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

9.

Bankruptcy Code section 1112 provides that, except as provided in section 1104(a)(3), if the party moving for dismissal establishes cause, absent unusual circumstances specifically identified by the Court that establish that the requested dismissal or conversion is not in the best interests of creditors and the estate, the Court shall dismiss or convert the case to chapter 7, whichever is in the best interest of creditors and the estate.  11 U.S.C. § 1112(b)(1).[1]

10.

Bankruptcy Code section 1112(b)(4) provides that:

> For the purposes of this subsection, the term "cause includes-….
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter…
> (H) failure to timely provide information or attend meetings reasonably requested by the United States trustee….

---

[1] "Although section 1112 does not define the phrase 'unusual circumstances,' it clearly contemplates conditions that are not common in most chapter 11 cases. Although each chapter 11 case is to some extent unique, and unusual circumstances may exist in any particular case regardless of its size or complexity, the import of section 1112(b) is that, if cause exists, the case should be converted or dismissed unless unusual facts or circumstances demonstrate that the purposes of chapter 11 would be better served by maintaining the case as a chapter 11 proceeding." *In re Kent*, 2008 WL 5047799 at *6 (Bankr. N.D. Arizona), *In re Blixseth*, 2009 WL 1525994 (Bankr. D. Montana).

4

(K) failure to pay any fees or charges required under chapter 123 of title 28.

III. **ARGUMENT**

11.

Cause exists for the Court to dismiss this case because the debtor has failed to provide information reasonably requested by the United States Trustee, failed to timely file and transmit required reports and is delinquent in paying fees to the United States Trustee.

    **A.**    **The Debtor's case should be dismissed, because the failed to provide information reasonably requested by the United States Trustee.**

12.

Pursuant to 28 U.S.C. section 586(a)(3), the United States Trustee is charged with the duty to supervise the administration of cases under the Bankruptcy Code. In order to discharge this statutory duty, the United States Trustees requests financial documentation from each debtor who files a petition under Chapter 11, such as bank statements, cash flow reports, proof of insurance, income and asset statements, and prior tax returns.

13.

A chapter 11 debtor's cooperation with the United States Trustee in the production of documents is critical to maintain the integrity of the reorganization process. *In Re McKenna*, 580 B.R. 1, 13 (Bank. D. R.I. 2017). The debtor's financial disclosures are "more than just busy work"; rather, the disclosures "are the life-blood of the Chapter 11 process", as they provide necessary information about the prospects of a debtor's

reorganization efforts. *Id.* citing *Andover Covered Bridge, LLC v. Harrington (In Re Andover Covered Bridge, LLC)*, 553 B.R. 162, 173 (1st Cir. BAP, 2016).

14.

In this case, despite numerous requests, the Debtor has failed to provide the United States Trustee with all the financial documentation necessary to review the Debtor's financial condition. Specifically, the Debtor has failed to provide pre-petition financial statements of any kind, and has failed to provide explanations for certain transactions shown on the Debtor's bank statements. While the transactions in question are vague on the Debtor's bank statements, some of the transactions appear to show transfers from the Debtor to the individuals which own the Debtor. Such transactions are not disclosed on the Debtor's Schedules or Statement of Financial Affairs, and thus have not been properly disclosed to the Court, or to all parties-in-interest in this case.

**B.    The Debtor's case should be dismissed, because the Debtor has failed to timely file and transmit required monthly operating reports.**

15

Bankruptcy Code section 704(a)(8) requires the debtor file with the Court and the United States Trustee periodic reports and summaries of the operation of its business, including a statement of receipts and disbursements, and such other information as the United States Trustee or the Court requires.

16.

Federal Rule of Bankruptcy Procedure 2015(a) directs chapter 11 debtors-in-possession to file the reports and summaries required by section 704(a)(8).

17.

The United States Trustee is responsible for ensuring all reports, schedules, and fees required to be filed by a debtor are properly and timely filed, monitor the progress of the case, and take the necessary action to prevent undue delay in such progress. 28 U.S.C. § 586 (a)(3)(D) and (G).

18.

Accordingly, the United States Trustee for Region 21 has established Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees (the "Guidelines"). The Guidelines explicitly state that compliance is essential and that the debtor's failure to comply may result in the United States Trustee filing a motion to dismiss or convert the case, a motion for appointment of a chapter 11 trustee or an examiner, or a motion for sanctions.

19.

The United States Trustee's staff reviewed the Guidelines with the debtor and the debtor's attorney.

20.

The debtor has not filed reports for the months of June 2020, July 2020, August 2020, and September 2020. The October 2020 operating report is due November 20, 2020.

**C.    The Debtor's case should be dismissed, because the Debtor is delinquent in paying fees to the United States Trustee.**

21.

28 U.S.C. §1930(a)(6) prescribes quarterly fees that are to be paid by chapter 11 debtors to the United States Trustee Program. In essence, quarterly fees accrue throughout the pendency of a chapter 11 reorganization case (i.e., until the case is closed, dismissed, or converted to another chapter) and are payable on a quarterly basis, 30 days following the end of each calendar quarter. "The amount of the quarterly fee [is] calculated according to a graduated scale based on the total sum of disbursements as specified in § 1930(a)(6). 'Disbursements' include all pre- and post-confirmation payments made by or on behalf of the debtor, including routine operating expenses." See, e.g., *Tighe v. Celebrity Home (In re Celebrity Home Entertainment, Inc.)*, 210 F.3d 995 (9th Cir. April 21, 2000).

22.

The United States Trustee conducted the initial debtor interview August 14, 2020. During the initial debtor interview, the United States Trustee's representative reviewed the Guidelines with the debtor's attorney and representative.

23.

The United States Trustee conducted the section 341 meeting of creditors on October 22, 2020. During the meeting of creditors, the United States Trustee reminded the debtor's representative about the debtor's duty to pay quarterly fees.

24.

The United States Trustee's records show the debtor owes an estimated $325.00 for the third quarter of 2020. The quarterly fee was due no later than one month following the end of the calendar quarter.

**D.   Given the Debtor's failure to properly prosecute consecutive cases under Chapter 11, a bar as to future filings is appropriate.**

25.

The United States Trustee believes that this case is at least the fourth case filed by the Debtor since August, 2019. In each of the Debtor's cases, the Debtor failed to properly prosecute the cases.

26.

The Debtor has filed the following cases since August, 2019: Case No. 19-62482-LRC, filed August 8, 2019, dismissed September 13, 2019, as Debtor filed the case without an attorney, failed to file complete Schedules or a List of Creditors, and failed to pay the filing fee; Case No. 19-65703-LRC, filed October 1, 2019, dismissed October 29, 2019, as Debtor filed the case without an attorney, and failed to file Schedules or a List of Creditors; Case No. 20-60437-LRC, filed January 7, 2020, dismissed February 27, 2020, as Debtor filed the case without an attorney, failed to file complete Schedules or a List of Creditors, and failed to pay the filing fee.

27.

The Debtor's actions demonstrate a scheme to abuse the bankruptcy process. *See Highway 54 Property, LLC v. Boulware-Manigault (in re Boulware-Manigault)*, Case No. 07-67308, 2007 Bankr. LEXIS 2158 (Bank N.D. Ga. 2007) (eight personal cases and single corporate case, which were dismissed for failure to pay fees and other procedural neglect, demonstrated a scheme to abuse the Bankruptcy Code).

28.

The Debtor has repeatedly failed to come before the Court in an honest and truthful manner. The United States Trustee believes the Debtor filed its cases without the intention of prosecuting said cases. The Debtor appears to file cases in order to invoke the automatic stay and then purposefully fails to file the required documents and allows the cases to be dismissed.

29.

Dismissal *with prejudice* is an appropriate remedy for the Debtor's continuing failure to comply with mandatory obligations under the Bankruptcy Code. *See In re Herrera*, 194 B.R. 178 (Bankr. N.D. Ill. 1996); *In re Norton*, 319 B.R. 671 (Bankr. D. Utah 2005); *In re Smart*, 212 B.R. 419 (Bankr. S.D. Ga. 1997).

30.

The Court has the discretion to dismiss a case with prejudice when the Court finds sufficient cause. 11 U.S.C. § 349(a). Cause can be found when a debtor engages in "egregious behavior that constitutes bad faith and prejudices creditors." *In re Leavitt*, 209 B.R. 935, 939 (9th Cir. BAP 1997).

31.

In this case, the Debtor's conduct constitutes bad faith and the conduct in this case has served to prejudice creditors. *See In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1997) (noting that concealing information from the court constitutes egregious behavior that constitutes bad faith and prejudices creditors).

32.

As noted by the Second Circuit Court of Appeals, an extended prohibition on refiling under 11 U.S.C. § 105(a) is one of several tools, in addition to §§ 109(g) and 349(a), available to bankruptcy courts to control the pervasive problem of serial filers. *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d. 327, 341 (2d Cir. 1999).

33.

The United States Trustee submits that the record in this case and in the Debtor's prior and related cases demonstrates abuse of the Bankruptcy Code. Debtor has not come before this Court in proper prosecution of the instant case or in any one of the other cases previously filed in the Court.

IV. **CONCLUSION**

34.

The Debtor's failure to timely provide information reasonably requested by the United States Trustee is cause for dismissal pursuant to 11 U.S.C. § 1112(b)(4)(H). The Debtor's failure to timely file and transmit required reports is cause for dismissal pursuant to 11 U.S.C. § 1112(b)(4)(F). The Debtor's failure to timely pay quarterly fees to the United States Trustee is cause for dismissal pursuant to 11 U.S.C. § 1112(b)(4)(K).

In addition, given the Debtor's failure to properly prosecute four consecutive cases under Chapter 11 over the past sixteen months, the Debtor should be barred from future filings, for a period of one year.

    WHEREFORE, the United States Trustee respectfully requests that this Court dismiss this case and prohibit the Debtor from filing a petition for relief under the Bankruptcy Code for a period of one year from the date of entry of the order.

NANCY J. GARGULA
United States Trustee, Region 21

*s/ Jonathan S. Adams*
Jonathan S. Adams
Georgia Bar No. 979073
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
(404) 331-4437
jonathan.s.adams@usdoj.gov

# CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Motion to Dismiss Case with Minimum One Year Bar to Refiling* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case filing program.

- **Mark Allan Baker**    mbaker@mtglaw.com, ecfnotifications@mtglaw.com

- **Lisa B. Fuerst**    LFuerst@pankeyhorlock.com, WDerilus-Joseph@pankeyhorlock.com

- **Scott B. Riddle**    scott@scottriddlelaw.com, admin@scottriddlelaw.com

- **Joshua Mark Ryden**    josh.ryden@padgettlawgroup.com, bkecf@padgettlaw.net;plg@ecf.courtdrive.com

- **Stephen Ryan Starks**    , GA.ECF@phelanhallinan.com

- **C. Brent Wardrop**    brent.wardrop@qpwblaw.com

- **Elizabeth Blair Weatherly**    GAND.bankruptcy@phelanhallinan.com, Blair.Weatherly@phelanhallinan.com

I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the following addresses:

Alani Property Source Co., Inc.
1428 Donnelly Ave. S.W.
Atlanta, Georgia 30310

AND ALL PARTIES ON THE ATTACHED MATRIX

Dated: November 17, 2020.

                                                 *s/ Jonathan S. Adams*
                                                 Jonathan S. Adams
                                                 Georgia Bar No. 979073
                                                 United States Department of Justice
                                                 Office of the United States Trustee
                                                 362 Richard B. Russell Building
                                                 75 Ted Turner Drive, SW
                                                 Atlanta, Georgia 30303
                                                 (404) 331-4437, ext. 122
                                                 Jonathan.S.Adams@usdoj.gov

```
Label Matrix for local noticing        Jonathan S. Adams                      Alani Property Source Co., Inc
113E-1                                 Office of the United States Trustee    1428 Donnelly Ave SW
Case 20-66885-lrc                      362 Richard Russell Building           Atlanta, GA 30310-2543
Northern District of Georgia           75 Ted Turner Drive, SW
Atlanta                                Atlanta, GA 30303-3315
Tue Nov 17 16:25:35 EST 2020

Angle Oak                              Angle Oak                              Mark Allan Baker
3344 Peachtree Rd                      3344 Peachtree Rd NE                   McMichael Taylor Gray, LLC
Atlanta Ga 30326-4801                  Atlanta Ga 30326-4801                  Suite 260
                                                                              3550 Engineering Drive
                                                                              Peachtree Corners, GA 30092-2871

(p)JPMORGAN CHASE BANK  N A            Civic Financial                        Ellsworth Hawkins Tax and Accounting Service
BANKRUPTCY MAIL INTAKE TEAM            2015 MANHATTAN H BEECH BLVD            4500 Hugh Howell Rd
700 KANSAS LANE FLOOR 01               REDONDO BEECH CA 90278-1226            Suite 145
MONROE LA 71203-4774                                                          Tucker, GA 30084-4713


(p)FLAGSTAR BANK FSB                   Flag Star Bank                         Lisa B. Fuerst
5151 CORPORATE DRIVE                   5151 Corporate Drive                   Pankey & Horlock, LLC
MAIL STOP E 115 3                      Troy Michigan 48098-2639               Suite 200
TROY MI 48098-2639                                                            1441 Dunwoody Village Parkway
                                                                              Atlanta, GA 30338-4122


HOME DEPOT                             Internal Revenue Service               Internal Revenue Service
2455 Paces Ferry Rd SW                 P. O. Box 7346                         P.O. Box 7346
Atlanta Ga 30339                       Philadelphia, PA 19101-7346            2970 Market Street
                                                                              Philadelphia, PA 19104-5002


Master Windows                         Michael Williams                       PRA Receivables Management, LLC
5070 Nifda Blvd                        5020 Meadow Overlook                   PO Box 41021
Atlanta, GA 30339-1524                 Cumming Ga 30040-9083                  Norfolk, VA 23541-1021


Scott B. Riddle                        Joshua Mark Ryden                      Sawyer Farms Homeowners Association, Inc.
Law Office of Scott B. Riddle, LLC     Padgett Law Group                      c/o Pankey & Horlock, LLC
Suite 1800                             Suite 203                              1441 Dunwoody Village Parkway
3340 Peachtree Road, NE                6267 Old Water Oak Road                Suite 200
Atlanta, GA 30326-1064                 Tallahassee, FL 32312-3858             Atlanta, GA 30338-4122


Secretary of the Treasury              Stephen Ryan Starks                    Synchrony Bank
15th & Pennsylvania Avenue, NW         Phelan Hallinan Diamond & Jones, PLLC  c/o PRA Receivables Management, LLC
Washington, DC 20200                   Suite 320                              PO Box 41021
                                       11675 Great Oaks Way                  Norfolk, VA 23541-1021
                                       Alpharetta, GA 30022-2434


Synchrony Bank                         U. S. Securities and Exchange Commission   United States Attorney
170 West Election Rd                   Office of Reorganization               Northern District of Georgia
Suite 125                              Suite 900                              75 Ted Turner Drive SW, Suite 600
Draper, Utah 84020-6425                950 East Paces Ferry Road, NE          Atlanta GA 30303-3309
                                       Atlanta, GA 30326-1382


United States Trustee                  C. Brent Wardrop                       Elizabeth Blair Weatherly
362 Richard Russell Federal Building   Quintairos Prieto Wood & Boyer, P.A.   Phelan Hallinan Diamond & Jones, PLLC
75 Ted Turner Drive, SW                10902 Crabapple Road                   Suite 320
Atlanta, GA 30303-3315                 Roswell, GA 30075-3090                 11675 Great Oaks Way
                                                                              Alpharetta, GA 30022-2434
```

Willie Vaughn
1811 Milford Creek Court
Marietta, GA 30008-8116

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Chase Bank
270 Park Ave
New York, NY 10172

FLAGSTAR BANK, FSB
5151 CORPORATE DRIVE
TROY, MI 48098

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Angle Oak
3344 Peachtree Rd
Atlanta Ga 30326-4801

(u)Blackstone Residential Operating Partnersh

(u)LAKEVIEW LOAN SERVICING, LLC

(du)LAKEVIEW LOAN SERVICING, LLC

(d)Sawyer Farms Homeowners Association, Inc.
c/o Pankey & Horlock, LLC
1441 Dunwoody Village Parkway, Suite 200
Atlanta, GA 30338-4122

(d)Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk VA 23541-1021

(u)U.S. Bank National Association

End of Label Matrix
Mailable recipients    30
Bypassed recipients     7
Total                  37